IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YOLANDA ARAGON,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　Civ. No. 05-585 RLP/WPL

MARY GAUTREAUX, and JENNA JOHNSON, and
KRIS FORD, in their individual and official capacities,
and the GOVERNING BOARD OF EDUCATION OF
ALBUQUERQUE TECHNICAL VOCATIONAL INSTITUTE,

    Defendants.

## SUPPLEMENTAL MEMORANDUM OPINION AND ORDER

On July 19, 2006 the Court entered its Memorandum Opinion and Order [Doc. 46] in this case, granting summary judgment in favor of Plaintiff on her procedural due process claim as against Defendants Jenna Johnson and Kris Ford in their individual capacities. The Court denied their claims of qualified immunity.

At a telephonic conference on July 20, 2006, counsel for Defendants requested the court rule on whether Defendant Johnson, Dean of Students, is entitled to quasi-judicial immunity prior to the Defendants taking their appeal and prior to entry of judgment. The Court agreed to do so in the Supplemental Memorandum Opinion and Order.

Individuals who perform adjudicatory functions may be entitled to quasi-judicial immunity. *Horowitz v. State Board of Med. Examiners*, 822 F.2d 1508, 1514 (10th Cir.), *cert. denied*, 484 U.S. 964 (1987). Three elements are required: the functions must be similar to those involved in a judicial process; the action must be likely to result in vexatious lawsuits; and sufficient constitutional safeguards must exist. *Id.* at 1513.

The constitutional safeguards required are those in a judicial proceeding: adversarial in nature, a party is entitled to present her case by oral or documentary evidence, a transcript of the evidence and exhibits, and party is entitled to know the findings and conclusions of all the issues.  *Id.* (quoting *Butz v. Economou*, 438 U.S. 478 (1978)).

These are exactly the constitutional safeguards denied Aragon.  From the record submitted to the Court, Johnson was too involved in the investigation to be an impartial arbiter; she withheld evidence from Aragon; the decision to suspend Aragon had already been made prior to her meeting with Johnson, and the decision to terminate had been made by associates of Johnson.  This was a situation similar to that in *Purisch v. Tennessee Technological University*, 76 F.3d 1414 (6th Cir. 1996) and that court denied quasi-judicial immunity to certain defendants.  *Id.* at 1422.

For all of the foregoing reasons, the Court denies Defendant Johnson's claim of quasi-judicial immunity.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)